### Gillum v. Commonwealth.

(Decided September 23, 1924.)

#### Appeal from Logan Circuit Court.

Criminal Law—Record Held to Show that Description of Court in Caption of Copy of Judgment was Clerical Error.—Record held to show that "Logan County Court," in caption of copy of judg-

ment appealed from, was simply clerical error for "Logan Quarterly Court," so that circuit court had jurisdiction of appeal.

COLEMAN TAYLOR for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

Charles Gillum was arrested under a warrant issued by the county judge of Logan county on the charge of unlawfully selling spirituous, vinous, malt, or intoxicating liquors, not for sacramental, medicinal, scientific or mechanical purposes. On the trial of the case before the county judge he was found guilty and his punishment was fixed at a fine of $100.00 and imprisonment of thirty days in jail, on November 18, 1922. He executed a supersedeas on that day and appealed to the circuit court.

When the case was called on May 22, 1923, he failed to appear; his bond was forfeited and the case continued. He was not arrested and an alias bench warrant was returned "not found." At the May term, 1924, he filed in court his motion to dismiss the proceedings on the face of the papers, on the ground that the case was an appeal from the county court of Logan county, which had no jurisdiction of the offense, and that the county court having no jurisdiction of the case originally the circuit court was without jurisdiction of an appeal from the order of the county court. The court overruled the motion, and the case being tried again he was found guilty and his punishment was fixed at a fine of $300.00 and sixty days in jail. From this judgment he has appealed.

No ground for reversal is relied on except the objection on the question of jurisdiction. The evidence was not objected to and clearly made out the plaintiff's case. The defendant introduced no evidence on the trial. The instructions were unobjectionable. The objection that the appeal is from a judgment of the county court is based entirely upon the fact that at the head of the copy of the judgment filed by the appellant in the circuit court, as a basis of the appeal, are these words, "Logan County Court." It is conceded that the county court had no jurisdiction of the offense and that the quarterly court had such jurisdiction. The question is therefore presented whether there is enough in the record to

show that the words "Logan County Court" in the caption of the copy of the judgment are simply a clerical error for Logan quarterly court. The copy is attested by J. U. Wade, county judge. If it was in fact an order of the county court, it would be attested by the county clerk. The fact that it was attested by the county judge and was acted on both by the defendant and the Commonwealth as a proper copy is some evidence that it was properly made by the county judge; the county judge is only the clerk of the quarterly court. In the second place, the judgment is upon a warrant not returnable to the county court. In the original bond which the defendant executed it is recited that the appeal was taken from a judgment of the Logan county court, but the supersedeas which was actually issued was directed not to the county court but to the county judge.

When the case stood in this condition on February 20, 1923, the defendant executed an amended bond in which it is recited that the appeal is taken from the judgment of the Logan quarterly court. This bond differs only from the other bond in this recital and there seems to be no reason on the record for its execution except to correct the erroneous recital in the first bond. When the defendant failed to appear and the bond was forfeited a response was filed by the sureties and in that response the judgment appealed from is set out as the judgment of the quarterly court.

In view of the fact that the original warrant was issued by the county judge and directed that the defendant be brought before him (not the county court) for trial; that all the papers are certified by the county judge and not by the county clerk, and in the proceedings in the circuit court the judgment appealed from was set out as a judgment of the quarterly court, we see no reasonable escape from the conclusion that the word "county" in the caption of the copy of the judgment originally filed was simply a clerical error for "quarterly," for the county judge was without authority to certify a copy of a judgment of the county court. Both the parties treated this paper as properly certified and both subsequently recognized the judgment as a judgment of the quarterly court.

Judgment affirmed.